UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **E.I. DuPont de Nemours & Co.,** <br> **Solae, LLC,** <br><br> Plaintiffs, <br><br> v. <br><br> **George R. Neely,** <br><br> Defendant. | **Civil No. 04-2611 (MJD-JJG)** <br><br><br> **REPORT** <br> **AND** <br> **RECOMMENDATION** |

JEANNE J. GRAHAM, United States Magistrate Judge

The above matter is before the undersigned on defendant George Neely's motion to transfer (Doc. No. 20). The plaintiffs are represented by James E. Springer II, Esq. Defendant George R. Neely, Esq., appears on his own behalf. This motion is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c) and pursuant to the District Court's order of February 13, 2007.

The plaintiffs brought a declaratory judgment action against Mr. Neely in April 2004, seeking a ruling on the parties' conflicting claims to title of a patent, and some related contractual concerns. In lieu of an answer, Mr. Neely moved to dismiss for lack of personal jurisdiction and for improper venue, or in the alternative, for transfer of venue. The motions were scheduled for a hearing before Magistrate Judge Jonathan G. Lebedoff on October 21, 2004.

At the motion hearing, Mr. Neely disclosed that he had filed for bankruptcy in the Southern District of Texas two days earlier. Because of the bankruptcy filing, Judge Lebedoff did not permit argument on

the motions. As he acknowledged in an order later that day, the bankruptcy proceeding automatically stayed this litigation in accordance with 11 U.S.C. § 362. As a result of the stay, Mr. Neely did not have an opportunity to file an answer or to assert any counterclaims.

Mr. Neely originally commenced his bankruptcy proceeding as a liquidation under Chapter 7. The matter was converted to a reorganization under Chapter 13 by an order on April 26, 2006. Following a motion by Mr. Neely in January 2007, the matter was converted back to a liquidation under Chapter 7 by an order on January 16, 2007.

In reporting his personal property to the bankruptcy court, Mr. Neely has not disclosed any interest in the patent at issue here. In an amended schedule he filed with the bankruptcy court on January 12, 2007, in a section for listing "patents, copyrights, and other intellectual property," he stated for the first time that he has "counterclaims related to the patent suit" against him here.

Mr. Neely brought his current motion to transfer venue on December 26, 2006, asking that this matter be sent to the Southern District of Texas for handling in the bankruptcy proceeding. In support of this relief, Mr. Neely contends that he will prevail on counterclaims in this action, which will result in judgments that could be used to fund his reorganization plan. He does not specify the basis for his anticipated counterclaims, or explain whether they arise out of his purported interest in the patent.

Objecting to the motion to transfer venue, the plaintiffs chiefly argue that because relevant facts and witnesses are found in this District, a transfer is not appropriate. They also observe that the bankruptcy stay remains in effect and thus argue against a violation of the stay. Mr. Neely replies that this District has power to modify the stay and transfer venue.

With limited exceptions, a bankruptcy filing automatically stays civil proceedings against the debtor. 11 U.S.C. § 362. Where a civil action before another district court is subject to the stay, any rulings by that court in that action are void. *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991). Only the bankruptcy court has the authority to grant relief from the stay. *Acands, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 259 (3d Cir. 2006) (quotation omitted). Because the current litigation is subject to a stay, no relief is available to Mr. Neely at this time. For this reason, his motion may be denied.

Assuming for the sake of argument that it is appropriate to consider a transfer of venue at this time, this question is controlled by 28 U.S.C. § 1404(a). The statute states that for the convenience of the parties and witnesses and in the interests of justice, a court may transfer venue to any district where the action may have been brought. This decision is committed to the discretion of the court, but transfer of venue is not granted freely. It is presumed that a case should be venued in its current forum, and the moving party has the burden to show a proposed forum is more convenient. *Terra Int'l, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).

Mr. Neely contends that, in order to expedite his bankruptcy proceeding, a transfer of this matter to the Southern District of Texas is appropriate. But he fails to answer the key question on a motion to transfer venue, whether that district provides more convenient access to evidence and witnesses. Without meaningful allegations on this point, he fails to overcome the presumption in favor of the current venue, and his motion may also be denied for this reason.

Nor is a transfer of venue compelled by the interests of justice. His bankruptcy has been proceeding since October 2004. Yet he did not disclose his interest in the patent, or his purported potential

to win a judgment in this action, until January 2007. Mr. Neely suggests that the proceeds from this judgment can then be used to fund his reorganization plan. But he has yet to file any counterclaims, and his bankruptcy proceeding is now one for liquidation under Chapter 7.

Even if Mr. Neely has compulsory counterclaims founded on his interest in the patent, that interest will presumably be liquidated with his bankruptcy estate. So the current litigation would become moot, and the patent dispute then involves whomever acquires Mr. Neely's interest. If Mr. Neely has permissive counterclaims that are not founded on his interest in the patent, then he is not bound by the stay and he may select an appropriate venue for his own action. *See In re Edwin A. Epstein, Jr. Operating Co.*, 314 B.R. 591, 597 (Bankr. S.D.Tex. 2004).

Being accordingly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Mr. Neely's motion to transfer venue (Doc. No. 20) be **DENIED.**

Dated this 24th day of April, 2007.                             s/Jeanne J. Graham

　　　　　　　　　　　　　　　　　　　　　　　　JEANNE J. GRAHAM
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by May 14, 2007. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.